IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIDEL SILVA,**

      **Plaintiff,**

vs.                                                                                         **No. CIV-05-223 DJS/RLP**

**RICHARD PEREA, and KELLY JONES,**
**in the individual capacities, and the BOARD**
**OF COUNTY COMMISSIONERS OF**
**VALENCIA COUNTY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING**
**DEFENDANTS' MOTION TO COMPEL DISCLOSURE AND DISCOVERY**

      This matter comes before the court on Defendants' Motion to Compel Disclosure and Discovery. [Docket No. 29]. Defendants seek to compel Plaintiff to comply with the mandatory disclosures required by D.N.M.LR-Civ 26.3(d)[1], to provide complete answers to interrogatories related to his past medical history [Interrogatory No. 6[2]], and to provide Defendants' counsel with

---

[1] Required Initial Disclosure. In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
    (1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last 5 years preceding the date of the occurrence set forth in the pleadings;
    (2) all records of such healthcare providers which are already in that party's position;
    (3) for each healthcare provider, a signed authorization to release medical records form . . .

[2] To the extent you are alleging physical and emotional injury in this matter, please give a full description, including inclusive dates, of each physical or mental disorder, infirmity, injury, illness or abnormality that you had within the past ten (10) years, including before and after the events of February 28, 2993, and for each, identify by name, business, address and business phone number each and every physician, psychologist, psychiatrist, or other professional with (sic) whom you have been treated.

dates to take depositions of medical providers and other witnesses.

Plaintiff filed his Response to this motion late. [Docket No. 34]. In his Response he raises no legal objection to making the requested disclosures. As to the disclosures required by D.N.M.LR-Civ 26.3(d) he contends that his memory isn't adequate to make further disclosure, but offers to provide additional information if he obtains any. As to Interrogatory No. 6, Defendants assert that discovery to date has disclosed medical conditions and/or treatment which Plaintiff failed to disclose in his Interrogatory Answer. Plaintiff's Response does not address this assertion. Plaintiff also did not respond to Defendants' request that the be required to provide dates for the taking of depositions of medical providers and other witnesses.

The incident giving rise to Plaintiff's complaint arose almost three years ago. Plaintiff filed his Complaint almost one year ago. Discovery in this case is scheduled to conclude on January 16, 2006. [Docket No. 27]. Plaintiff and his counsel have had more than adequate time to prepare for and provide discovery in this matter.

I find that Defendants' Motion is well taken, and that Plaintiff has failed to make the disclosures required by D.N.M.LR-Civ 26.3(d), failed to adequately answer Interrogatory No. 6, and failed to provide dates for the orderly completion of discovery.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) Plaintiff shall supplement his Rule 26.3(d) disclosures on or before December 30, 2005.

(2) Plaintiff shall supplement his answer to Interrogatory No. 6, providing all the information requested therein, on or before December 30, 2005.

(3) Plaintiff's counsel shall provide dates for the depositions of medical providers and other

witnesses, as requested by Defendants' counsel, on or before December 30, 2005.

                                                       RICHARD L. PUGLIGI
                                                    United States Magistrate Judge